UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMORE NICHOLS, JR.,

                Petitioner,            Case No. 2:15-cv-12809
                                                            Hon. Paul D. Borman

v.

THOMAS WINN,

                Respondent.
_____/

# OPINION AND ORDER GRANTING MOTION TO HOLD PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE [Dkt. 13]

This is a habeas case filed by a Michigan prisoner under 28 U.S.C. § 2254. Petitioner Elmore Nichols, Jr. was convicted after a bench trial in Wayne Circuit Case No. 12-008776 of first-degree home invasion. MICH. COMP. LAWS § 750.110a(2). The court sentenced him as a fourth-time habitual felony offender to a term of 280 months to 60 years' imprisonment.[1] The petition raises a single claim: Petitioner was denied his Sixth Amendment right to self-representation when the trial court perfunctorily denied his request to represent himself at trial. Presently before the Court is

---

[1] Petitioner was also convicted in Wayne Circuit Case No. 12-007351 of another count of first-degree home invasion, and he was sentenced to a term of 290 months to 80 years. Petitioner was convicted of a third count of first-degree home invasion in the Oakland Circuit Court, and he was sentenced to a term of 7 to 60 years. These two convictions and sentences are not challenged in this action.

Petitioner's motion to hold the petition in abeyance while he exhausts his state court remedies with respect to a new sentencing claim. Dkt. 13. For the reasons that follow, the motion will be granted.

## I. Background

Following his conviction and sentence, Petitioner filed a direct appeal in the Michigan Court of Appeals. His appellate brief raised claims concerning the denial of the right to self-representation, the trial court's lack of inquiry into the breakdown of Petitioner's relationship with his trial counsel, and the scoring of the sentencing guidelines.

The Michigan Court of Appeals rejected the first two claims, and it affirmed Petitioner's conviction in an unpublished opinion. *People v. Nichols*, No. 315284 (Mich. Ct. App. June 17, 2014). The court agreed with Petitioner's third claim, however, and vacated Petitioner's sentence and remanded the case to the trial court for resentencing. *Id.*, at *5. Petitioner filed an application for leave to appeal in the Michigan Supreme Court raising only his self-representation claim. The Michigan Supreme Court denied the application because it was not persuaded that the question presented should be reviewed. *People v. Nichols*, 858 N.W.2d 456 (Mich. 2015).

Petitioner subsequently filed the instant action, again asserting that the trial court violated his right to self-representation. During review of the case it was

revealed that the trial court never resentenced Petitioner as directed by the Michigan Court of Appeals. The parties were directed to file supplemental briefs addressing whether the Court had jurisdiction to consider the petition.[2]

Respondent indicated in its supplemental brief that it contacted the Wayne County Prosecutor's Office and learned that the failure to resentence Petitioner was inadvertent. Respondent indicated that a resentencing hearing was scheduled to take place on November 18, 2016. Dkt. 12, at 3.

The Wayne Circuit Court's website indicates that Petitioner was thereafter erroneously resentenced on Wayne Circuit Case No. 12-007351 instead of No. 12-008776, the sentence that was vacated by the Michigan Court of Appeals.[3] On March 21, 2017, Petitioner filed a motion in the trial court complaining that he was resentenced for the wrong conviction. The docket for Wayne Circuit Case No. 12-008776, meanwhile, seems to indicate that a claim of appeal was filed on July 10, 2017, and that on August 7, 2017, Petitioner was appointed appellate counsel.

Petitioner has filed a motion to hold this case in abeyance while he appeals the

---

[2]It is a statutory prerequisite to filing a petition under § 2254 that the petitioner be in custody pursuant to the judgment he challenges in his habeas petition. 28 U.S.C. § 2254(a). "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).

[3]This Court takes judicial notice of the information provided by a search of the Wayne Circuit Court website, https://cmspublic.3rdcc.org. See *Graham v. Smith*, 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003) (citing 21 Wright & Graham, Federal Practice and Procedure: Evidence § 5106).

erroneous failure to resentence him on the conviction challenged by his habeas petition. Petitioner asserts that his due process right to be sentenced within a reasonably prompt time has been violated by the inordinate delay.

## II. Discussion

A federal district court has discretion to stay a petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations under 28 U.S.C. § 2244(d) poses a concern, the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id*. at 277.

In the pending case, Petitioner's unexhausted delay in resentencing claim does not appear to be plainly meritless, nor does Petitioner appear to be engaged in dilatory litigation tactics. Petitioner notes that he filed a post-conviction motion challenging his resentencing on March 21, 2017. Because of potential concerns posed by the one-year statute of limitations while Petitioner pursues relief in the state courts, the Court concludes that the case should be stayed and held in abeyance while Petitioner exhausts his state remedies with respect to his resentencing claim.

Where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. See *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Accordingly, the stay is conditioned upon Petitioner diligently pursuing relief in the state courts by pursuing timely appeals in the state court of his post-conviction proceeding, and then by returning to federal court within sixty (60) days of completing exhaustion of his state court remedies. See *Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002).

### III. Order

Accordingly, it is **ORDERED** that Petitioner's motion to stay [Dkt. 13] is **GRANTED**. The petition for writ of habeas corpus shall be held in abeyance pending completion of Petitioner's state post-conviction review proceeding. This order is conditioned upon Petitioner timely appealing the denial of any motion for post-conviction relief through the Michigan appellate courts and then re-filing his habeas petition—using the case number already assigned to this case—within sixty (60) days

after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. See *Sitto v. Bock*, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2017.

s/Deborah Tofil
Case Manager